IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

CINDY LEE BACH, deceased, and JOHN N. BACH, widower;

Plaintiffs,

v.

IDAHO STATE BOARD OF MEDICINE, et al,

Defendants.

Case No. 4:CV 10-548-BLW

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

The Court has before it six motions for attorney fees and a motion for service. The motions are fully briefed and at issue. For the reasons set forth below, the Court will grant each motion.

## ANALYSIS

### Motions for Attorney Fees

In an earlier decision, the Court granted defendants' motions to dismiss and entered a Judgment dismissing this case. Six of the defendants now seek their attorney fees under 42 U.S.C. § 1988(b). That statute authorizes "the court, in its discretion, [to] allow the prevailing party . . . a reasonable attorney's fee as part of the costs." *Id*. A district court may award

attorney fees to a prevailing defendant only where the action brought is found to be unreasonable, frivolous, meritless or vexatious. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

The six movants are all prevailing parties, and the action filed against them was unreasonable and frivolous. Despite being given two opportunities to file a sufficient complaint, plaintiff Bach failed to allege even the most basic elements of a § 1983 claim. His complaint contained no facts showing that defendants acted under color of state law or were guilty of deliberate indifference. While Bach complained that defendants were responsible for his wife's death, he sued some defendants who – under his own recitation of the facts – had nothing whatsoever to do with her death. Other defendants were swept into the suit by absurd allegations of a conspiracy or by conduct that clearly did not rise to the level of a constitutional violation.

After separately evaluating the six motions, the Court finds that each should be granted and an award of attorney fees made under § 1988(b). The Court finds that the hourly rate for each of the counsel is reasonable.[1] The hours spent on the case also appear reasonable. The Court will note that one associate with the Powers Tolman firm spent 343 hours and incurred fees of $48,034, representing more than half of the total bill of $83,560.50 submitted by the three attorneys and paralegal from that firm who worked on the case. This total bill is more than double that of any other defendant, and the total time spent by the one associate is at least three times the time spent by most counsel in the case. However, this is explained by the fact that counsel represented a number of defendants, many of whom had to file separate motions to

---

[1] Some of the fee requests included requests for paralegal time. The fees incurred by paralegals may be included in an attorney fee award under § 1988(b). *See Perez v. Cate*, 632 F.3d 553, 557 (9th Cir. 2011).

dismiss because of their unique factual circumstances. Given that, the Court finds the fee request to be reasonable. The Court further finds that the costs requested are proper and reasonable.

Accordingly, the Court will grant each of the motions for fees and costs.

**Motion for Service of Order of Withdrawal**

On February 27, 2012, the Court issued an Order allowing plaintiff's counsel to withdraw. The Order directed counsel to serve copies of the Order on plaintiff Bach. Counsel attempted to serve Bach by certified mail but Bach never claimed his mail. Accordingly, counsel seeks to serve Bach by regular mail pursuant to Rule 5(2)(C). The Court finds good cause for such service and will grant the motion.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for service of order of withdrawal (docket no. 263) is GRANTED.

IT IS FURTHER ORDERED, that the motions for attorney fees (docket nos. 254, 256, 257, 258, 259, & 260) are GRANTED.

IT IS FURTHER ORDERED, that the following attorney fee and costs be awarded to the following parties as against the plaintiff:

| **Fee & Cost Award** | | |
|---|---|---|
| **Party** | **Attorney Fee Awarded** | **Costs Awarded** |
| Defendants Dr. Horrocks & Teton Valley Health Care Board | $83,560.50 | $1,968.15 |
| Teton County defendants | $32,284.50 | |

| Fee & Cost Award | | |
|---|---|---|
| Dr. Neumann | $19,047.00 | |
| Dr. Tryka & Western Wyoming Pathology | $9,761.50 | |
| Dr. Wolfe | $19,933 | $944.99 |
| State Board of Medicine & Steve Wright | $14,757.50 | |




DATED: **September 26, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge